# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RICARDO VIGIL RIVAS; ESTEBAN ROMAN; JOSE ALBERTO REGUERA DIAS; and ESTEBAN R. REGUERA LOPEZ,

        Plaintiffs,

v.          Case No. 6:14-cv-855-Orl-37KRS

JL STONE CONSTRUCTION, LLC; and CRG 2013 SERVICES, INC.,

        Defendants.

## ORDER

This cause is before the Court on the following:

1. JL Stone Construction, LLC's Motion to Dismiss for Failure to State a Cause of Action (Doc. 12), filed August 25, 2014; and

2. Plaintiffs' Memorandum in Opposition to Motion to Dismiss For Failure to State a Cause of Action (Doc. 13), filed September 4, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

Plaintiffs initiated this action alleging: (1) that they were owed overtime payments from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201; (2) breach of contract; and (3) unjust enrichment. (Doc. 1, ¶¶ 30–48.) Defendant argues that the Court should dismiss Plaintiffs' Complaint for "failure to state a cause of action, for failure to attach any documentation evidencing their claims and for lack of privity of

contract since no contract existed between JL Stone and Plaintiffs."[1] (Doc. 12, p. 4.) Plaintiffs opposes. (*See* Doc. 13.) The matter is now ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim." In considering a motion to dismiss a complaint, the Court must limit itself to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must be accepted as true and be construed in the light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006).

## DISCUSSION

Within the four corners of the Complaint, Plaintiffs have alleged sufficient facts to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendant's Motion to Dismiss is premised on facts that were not alleged in the Complaint, including, *inter alia*, that Defendant did not have an employee-employer relationship with Plaintiffs or have control over the hiring or wages of Plaintiffs. (Doc. 12, pp. 2–3.) The Court agrees with Plaintiffs that Defendant's "numerous allegations fall[ ] outside the four corners of Plaintiffs' complaint" and thus they cannot serve as a basis for dismissal. (Doc. 13, p. 4); *see La Grasta*, 358 F.3d at 845.

Additionally, Defendant states that "Plaintiffs [sic] allegations are not supported by

---

[1] For purposes of this Motion, "Defendant" refers only to JL Stone Construction, LLC—the only defendant who has moved to dismiss the action.

any evidence and Plaintiffs cannot prove that JL Stone was ever [their] employer" because Plaintiffs did not attach a contract to the Complaint. (*Id.* at 3.) However, the Federal Rules do not require that Plaintiffs attach a contract to their Complaint. *See Beacon Indus. Staffing, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, P.A.*, No 8:13-cv-1715-T-30MAP, 2013 WL 5231481, at *2 (M.D. Fla. Sept. 16, 2013) (stating that Federal Rule of Civil Procedure 10(c), which provides that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," is "permissive in nature and the plaintiff has no obligation to attach to her complaint documents upon which her action is based").[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that JL Stone Construction, LLC's Motion to Dismiss for Failure to State a Cause of Action (Doc. 12) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 21, 2014.

ROY B. DALTON JR.
United States District Judge

---

[2] Defendant does not cite to any authority that requires Plaintiff to attach a contract to the Complaint to create a cause of action. (*See* Doc. 12.) In their response, Plaintiffs provide an explanation why they did not satisfy Florida Rule of Civil Procedure 1.130(a), which requires attachment to the pleading of all contracts upon which an action may be brought. (*See* Doc. 13, p. 6 (explaining that they alleged an oral contract).) Regardless, Rule 1.130(a) does not govern in this removed action. *See* Fed. R. Civ. P. 81(c)(1) ("[The Federal Rules of Civil Procedure] apply to a civil action after it is removed from a state court.").

3

Copies:

Counsel of Record