**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RICARDO VIGIL RIVAS; ESTEBAN ROMAN; JOSE ALBERTO REGUERA DIAS; and ESTEBAN R. REGUERA LOPEZ,

        Plaintiffs,

v.                                          Case No. 6:14-cv-855-Orl-37KRS

JL STONE CONSTRUCTION, LLC; and CRG 2013 SERVICES, INC.,

        Defendants.

## ORDER

Before the Court is the Joint Motion to Approve Settlement and to Dismiss Case with Prejudice (Doc. 35), filed June 18, 2015. Plaintiffs and their previous employer, Defendant JL Stone Construction, LLC,[1] jointly request Court approval of their agreement to settle Plaintiffs' Fair Labor and Standards Act ("FLSA") claims for overtime and unpaid wages. (Doc. 35; Doc. 35-1 (the "Agreement").) Upon consideration, the Court finds that the motion is due to be denied without prejudice.

## LEGAL STANDARDS

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304,

---

[1] Defendant CRG 2013 Services, Inc. has not made an appearance in this action.

1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before entering a stipulated judgment. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. This review includes "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[2] District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

## DISCUSSION

Two factors weigh against the Agreement constituting a "fair and reasonable compromise of the issues in dispute" in satisfaction of *Lynn's Food*.

First, the Agreement provides that Plaintiffs will receive $24,000.00 ($6,000 for

---

[2] The FLSA provides for plaintiffs' recovery of reasonable attorneys' fees if the plaintiff is a "prevailing party" based on the entry of a judgment—whether the judgment is entered by stipulation, by consent, or on the merits. *See Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013).

2

each Plaintiff) for overtime and unpaid compensation. (*See* Doc. 35, p. 2; Doc. 35-1, p. 1.) The parties agree that "there is a bona fide dispute . . . regarding the merits of Plaintiffs' case and the back wages or other damages and relief claimed therein," and they represent that the Agreement reflects a "fair, reasonable and adequate" compromise after "extensive settlement negotiations, including exchanging evidence." (Doc. 35, p. 2.) Despite their representations, the Court lacks sufficient information to evaluate whether the Agreement reflects a fair and reasonable compromise of Plaintiff's FLSA claim. In their answers to the Court Interrogatories, each Plaintiff contended that he was owed $26,903.72: $7,040.00 for regular unpaid hours; $9,931.86 for unpaid overtime hours; and $9,931.86 for liquidated damages equal to the unpaid overtime wages. (*See* Docs. 15-1; 16-1; 17-1; 18-1.), totaling $107,614.88 in the aggregate. Thus, under the Settlement Agreement, Plaintiffs would receive only twenty-five percent (25%) of their alleged unpaid wages. This is a significant compromise. The parties must inform the Court how they arrived at the $24,000.00 and provide a "full and adequate disclosure of the terms of the settlement, including the factors and reasons . . . justifying the compromise of the plaintiff's claims" and an explanation as to why Plaintiffs are not receiving liquidated damages. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Second, the Agreement contains a mutual general release. (Doc. 35-1, p. 2.) A "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" is not permitted under the FLSA, as it potentially confers an "undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation

Case 6:14-cv-00855-RBD-KRS   Document 37   Filed 07/13/15   Page 4 of 5 PageID 154

on the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Moreover, the Court typically will not permit a mutual general release because the value of a full general release by Defendant in Plaintiffs' favor is typically incalculable. Because plaintiffs can only compromise FLSA claims on the basis of a "dispute over FLSA provisions," gratuitous concessions unrelated to the substance of FLSA claims have no place in FLSA settlements. *See Bonetti*, 715 F. Supp. 2d at 1228

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion to Approve Settlement and to Dismiss Case with Prejudice (Doc. 35) is **DENIED**.

2. The parties Settlement Agreement (Doc. 35-1) is **REJECTED**.

3. The parties may either: (1) move for approval of an amended settlement agreement consistent with the terms of this Order on or before Monday, **July 20, 2015**; (2) settle the FLSA claim without compromise; (3) move for dismissal without prejudice, which will leave Plaintiffs' FLSA claims viable and the Settlement Agreement unenforceable; or (4) file a Case Management Report.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 13, 2015.



ROY B. DALTON JR.
United States District Judge

4

Copies:

Counsel of Record