**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RICARDO VIGIL RIVAS; ESTEBAN ROMAN; JOSE ALBERTO REGUERA DIAS; and ESTEBAN R. REGUERA LOPEZ,

        Plaintiffs,

v.                                Case No. 6:14-cv-855-Orl-37KRS

JL STONE CONSTRUCTION, LLC; and CRG 2013 SERVICES, INC.,

        Defendants.

**ORDER**

This cause is before the Court on the Joint Motion for Reconsideration as to the Parties' Joint Motion to Approve Settlement and to Dismiss Case with Prejudice [Doc. 35] (Doc. 38), filed July 20, 2015. Upon consideration, the Court finds that the Motion is due to be granted.

The Court previously denied the parties' Joint Motion to Approve Settlement and to Dismiss Case with Prejudice (Doc. 35) and rejected the parties' Mediated Settlement Agreement (Doc. 35-1 ("Agreement")) on two grounds: (1) the parties failed to provide the Court sufficient information to determine if the compromise of Plaintiffs' claims was fair and reasonable; and (2) the Agreement contained a mutual general release. (Doc. 37.)

The parties now move for reconsideration. In doing so, they explain how and why they reached the compromise of Plaintiffs' claims, as well as why they entered into a general release. (Doc. 38.)

The Motion provides a "full and adequate disclosure of the terms of the settlement,

including the factors and reasons . . . justifying the compromise of [Plaintiffs'] claims, *see Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), sufficient for the Court to determine that the Agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Moreover, the severability clause in the Agreement provides a remedy for the overbreadth of the mutual general release. (*See* Doc. 35-1, p. 3.) In accordance with the severability clause, the Court severs the unenforceable releases related to non-FLSA claims and limits the general release only to claims related to past wages or overtime compensation.

Taking these factors into consideration, as well as the fact that the case was settled at mediation with the assistance of an impartial mediator—thus supporting a presumption of fairness—the Court finds that the Agreement is due to be approved.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Joint Motion for Reconsideration as to the Parties' Joint Motion to Approve Settlement and to Dismiss Case with Prejudice [Doc. 35] (Doc. 38) is **GRANTED**.

2. The Joint Motion to Approve Settlement and to Dismiss Case with Prejudice (Doc. 35) is **GRANTED**.

3. The July 13, 2015 Order at Doc. 37 is **VACATED**.

4. The Mediated Settlement Agreement (Doc. 35-1) is **APPROVED**, with the condition that the mutual general release is limited only to claims related to claims for past wages or overtime compensation.

5. The case is **DISMISSED WITH PREJUDICE**.

6. The Clerk is **DIRECTED** to **VACATE** the July 13, 2015 Order, terminate all pending deadlines, and close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 3, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record